Filed 9/28/22  P. v. Shaw CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B314814 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A614732) |
| v. | |
| DENNIS LESTER SHAW, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Teresa P. Magno, Judge.  Affirmed.

Olivia Meme, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Gary A. Lieberman, Deputy Attorneys General, for Plaintiff and Respondent.

In 1979, appellant Dennis Lester Shaw was convicted of murder by a jury instructed on the felony murder theory. Forty years later, he filed a petition for resentencing under Penal Code former section 1170.95 (now § 1172.6).[1]  Prior to his section 1172.6, subdivision (d)(3) evidentiary hearing, appellant objected to the admission of the preliminary hearing transcript, arguing that it was not part of the record of conviction because he went to trial and was subject to a lower standard of proof than that required at the evidentiary hearing.  The superior court admitted the preliminary hearing transcript and relied upon its contents, including police officer testimony relating appellant's confession, to conclude appellant was ineligible for relief because he was a major participant in the crime and acted with reckless indifference to human life.

Appellant does not raise either of those arguments here. Instead, appellant now argues that the superior court erred in admitting the preliminary hearing transcript because the prosecution failed to establish the applicability of the Evidence Code section 1291 hearsay exception for unavailable witnesses. Respondent Attorney General contends appellant forfeited this argument by failing to object to the preliminary hearing transcript on hearsay grounds.  We agree with respondent. Appellant's objections to the preliminary hearing transcript were neither targeted toward hearsay nor understood by the trial court as such, and the record does not support appellant's assertion that further objection on hearsay grounds would have been futile.

---

[1]    Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10).  All further statutory references are to the Penal Code unless otherwise indicated.

Appellant argues in the alternative that remand is necessary because Senate Bill No. 775 retroactively amended section 1172.6 to clarify that the Evidence Code applies to subdivision (d)(3) hearings. We disagree remand is necessary. Even if the amendments to the statute are retroactive, they allow admission of evidence sufficient to support the superior court's unchallenged substantive findings. We accordingly affirm.

## BACKGROUND

### I. Petition

On January 14, 2019, shortly after Senate Bill No. 1437 (SB 1437) took effect, appellant filed a form section 1172.6 petition. The superior court appointed counsel for appellant and ordered the prosecution to file a response to his petition.

### II. Response and Exhibits

The prosecution filed its response on September 28, 2020. It attached to the brief several exhibits pertinent to appellant's 1979 murder conviction, including original and amended informations charging appellant and codefendant Harold Lynn Moore with murder, a transcript of their joint preliminary hearing, police reports, probation reports, verdict forms from appellant's trial, transcripts of appellant's and Moore's sentencing hearings, and a remittitur issued by this court after the direct appeal. The prosecution reported that it had been unable to locate the transcripts from appellant's trial and our opinion resolving appellant's direct appeal.

Based on the exhibits, the prosecution related the following undisputed procedural facts. After a preliminary hearing in October 1978, appellant and Moore were charged with the murder of Ruben Patino. A jury found appellant guilty of the murder on March 1, 1979. The jury also found true an allegation

3

that a principal was armed with a firearm during the commission of the offense (former § 12022, subd. (a)).  The trial court sentenced appellant to life in prison.  This court affirmed appellant's conviction on direct appeal but modified the judgment to strike a reference to a sentence on the firearm allegation.

The prosecution also summarized the facts underlying appellant's offense, which it drew from the preliminary hearing transcript and police and probation reports.  According to that summary, which is largely undisputed and similar to that presented without qualification in appellant's opening brief on appeal, appellant and Moore approached Patino in the parking lot of a market and asked him for money.  Patino, who had just settled his two small children into his car, told appellant and Moore he did not have any money.  Appellant punched Patino in the face.  Patino then reached under his car seat and grabbed a rubber hose. When Patino reemerged, Moore shot him several times, killing him.  Appellant and Moore bent over Patino's body, and one of them took his watch before they ran away together.  A few blocks away, appellant and Moore stopped at a house where some kids were outside.  They used a hose to wash blood off themselves.  Either appellant or Moore was carrying a watch; the other was carrying a paper bag.

When appellant was arrested a few days later, he was wearing Patino's watch.  Appellant told the arresting officer he had purchased the watch at a drug store.  However, appellant also made incriminating statements to the officer. Appellant said Moore convinced him to do some robberies. Appellant and Moore walked around looking for victims; Moore was armed with a .22 caliber handgun.  Appellant and Moore ended up at the parking lot of the market.  They waited around until they saw Patino put

4

his children in his car, then Moore asked Patino for money. When Patino said he did not have any, appellant punched him. Patino then reached down, and Moore shot him in the head and face. Appellant and Moore took Patino's watch before they ran away. They stopped at a nearby house to wash the blood off themselves, then continued running.

Based on these facts, the prosecution argued appellant was ineligible for relief because he was a major participant in the underlying felony and acted with reckless indifference toward human life, under the standards articulated in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*).

### III.    Appellant's Eligibility Brief

Appellant, through counsel, filed a brief replying to the prosecution's response on January 11, 2021.  In the introductory section, titled "Preliminary Setting," appellant stated the following:  "There is a limited trial record.  [¶] However, that does not get rid of the evidence code.  The prosecution has presented numerous documents as exhibits which are objectionable.  There is no exception to allow double and triple hearsay and improper opinion because one couldn't find the record.  [¶] Counsel will object and is objecting to the various exhibits by the prosecution which are inadmissible as a record of conviction.  [¶] If at some point anything was admissible as new evidence, with the proper foundation, that would be at the order to show cause.  [¶] Based on the petition, the response in its proper legal context, and this reply, a prima facie showing has been made and the matter must be set for an order to show cause."

Appellant made numerous arguments and objections in the ensuing 46 sections of the brief; we summarize and quote those

most relevant here.[2] In section V, titled "The Response by the District Attorney is Full of Inadmissible Assertions and Records Which Petitioner is Objecting to in Detail as will be Addressed," appellant asserted only, "At minimal [*sic*] the police reports are inadmissible evidence. They are not admissible at trial or legally in an SB 1437 proceeding." In section X, titled "The Preliminary Hearing Transcript is Inadmissible as a Record of Conviction," appellant argued, "A preliminary hearing transcript is not part of the record of conviction. There may be some reliance on a preliminary hearing transcript if there was a plea and there was a factual basis which relied on the preliminary hearing transcript." In section XIII, appellant asserted that "Probation Officer's Reports are Inadmissible Hearsay." In section XV, appellant asserted that the "record of conviction" included only "the abstract of judgement [*sic*], charging documents, plea forms, or if there was a trial, the trial proceedings/transcripts, and appellate court record and appellate opinion." In section XLVI, titled "Argument," appellant asserted, without elaboration or citation, "The Preliminary Hearing testimony of the witness is inadmissible."

## IV. Prima Facie Hearing

The superior court held a hearing on the petition on February 9, 2021. The prosecution stated that it would "not be arguing any substantive statements or evidence from the police reports," based on "the new directives,"[3] but intended to rely on

---

[2] Although he does not do so here, appellant substantively argued in this and other written filings below that he was not a major participant who acted with reckless indifference.

[3] On December 7, 2020, Los Angeles County District Attorney George Gascón issued "Special Directive 20-14" setting

6

the other exhibits attached to its response.  Appellant's counsel responded that there was "no exception" applicable to the police reports.  He continued, "With regard to any other information, for example, hearsay and double hearsay, the new directives are just saying that shouldn't be used.  That is clearly my position and the law."  Counsel then raised objections to specific excerpts of the sentencing transcript.  He did not mention the preliminary hearing transcripts before the prosecution conceded that the petition "gets to go to an O.S.C." The court agreed and issued an order to show cause (OSC).

## V.    Appellant's Evidentiary Hearing Brief

On April 1, 2021, prior to the OSC hearing, appellant filed an "Evidentiary Hearing Brief" in support of his petition. Appellant argued that "the record of conviction cannot support beyond a reasonable doubt that this 16 year old at the time of the conviction is not suitable and eligible for SB1437 relief."  In addition to substantive arguments regarding the *Banks* and *Clark* factors and their application to the case, appellant made several assertions regarding the admissibility of the prosecution's

---

forth a new "Resentencing Policy."  Pursuant to that directive, the office takes the position that "the Evidence Code applies to any evidentiary hearing pursuant to [former] section 1170.95," they "will not seek to introduce statements by a petitioner made in parole hearing transcripts," and "will not seek to admit statements of a declarant when the petitioner did not have an opportunity to cross-examine the declarant or when a purported expert's opinion is based on inadmissible hearsay."  The directive allows the prosecution to "introduce evidence to show, for example, that the petitioner was the actual killer or acted as a major participant with reckless indifference to human life, or was convicted under a still-valid theory on which the jury was instructed."

evidence; each of the following is a section heading unsupported by further argument. "XVIII:  Hearsay is Inadmissible when a Statement is not Subject to Proper Cross Examination"; "XIX: The Preliminary Hearing Transcript is Inadmissible and is Not Part of the Record of Conviction"; "XX: The District Attorneys Office Recognizes and Agrees that Statements of a Declarant When the Petitioner did not Have the Opportunity to Ross [*sic*] Examine the Declarant is Inadmissible Hearsay"; "XXI: Police Reports are not Record of Conviction and Inadmissible."[4]  In section XXIV, titled "Argument," appellant stated that "Counsel has lodged all his objections to the various hearsay including, police reports and the sentencing judge's opinion based on an inadmissible tape recording."  The "Argument" section did not mention the preliminary hearing transcript.

## VI.    June 18, 2021 Hearing

The parties appeared before the court on June 18, 2021. The court opened the hearing by notifying the parties that it had been unable to locate the transcript of appellant's trial.  The parties stated they also had been unable to locate the trial transcript, and detailed their herculean efforts to do so.  The court observed that the absence of the trial transcript posed some difficulty, because "[t]he transcripts would be definitive as to what the theory was, what each defendant did on a multiple defendant case, and we don't have that."  It continued, addressing appellant's counsel: "in your moving papers, you have argued that the preliminary hearing transcript is not a record of

---

[4]    Appellant's briefing was unusually structured, with many fully capitalized, numbered headings frequently unsupported by further discussion.  We render those headings with the first letters of their words capitalized.

8

conviction. I was able to locate . . . three cases that say they are, and I believe two of them, review has been granted by the California Supreme Court." The court identified the cases as *People v. Falcon* (2020) 57 Cal.App.5th 272, cause transferred and opinion rendered noncitable, Sept. 22, 2021, S266041 (*Falcon*); *People v. Perez* (2020) 54 Cal.App.5th 896, review granted Dec. 9, 2020, S265254 (*Perez*); and *People v. Nguyen* (2020) 53 Cal.App.5th 1154 (*Nguyen*). The court stated that it planned to rule on the matter by consulting the record of conviction, including the preliminary hearing transcript, and asked the parties for their input.

Appellant's counsel made the following argument, which we reproduce in full:

"Well, your honor, with regard to this matter, on the use of any transcripts, it's my position that . . . [o]n a plea, I think the preliminary hearing transcript is appropriate and relevant, especially if it's a *People v. West* and especially when counsel says, 'And I'm relying on the police reports and the preliminary hearing transcripts.' In those situations, there's no question.

"The problem is in a situation where it's a jury trial, the standard of preliminary hearing is different. The standard of preliminary hearing is just sufficiency of the evidence. Just to show there's enough to keep it going.

"As the court's aware on 995's, we just look at 'is there enough?' If there's enough, it stays there.

"Here, we have a standard of beyond a reasonable doubt. The problem is, any questions or the level of any reliance on the preliminary hearing transcript is really problematic when we don't have the trial transcript.

"It is my position with regard to the transcripts, that still does not take away - - or the lack of transcripts does not take away from the burden of the People beyond a reasonable doubt.

"My position is still that, from a legal perspective - - you know, I've had cold hit cases that are 40 years old and when you don't have witnesses any longer, it doesn't minimize the standard. If you can't proceed, you can't proceed. If the People are not in a position because of a loss of a witness, the death of a witness, if there's a legal basis to bring in that evidence, that's fine, but you don't do away with the Evidence Code because you can't find something.

"I think here, the court might consider the preliminary hearing transcript but that is insufficient for purposes of showing beyond a reasonable doubt that my client is not eligible for relief in this 1437.

"In this situation, I'm asking the court to grant the petition."

The prosecution responded that preliminary hearing transcripts were part of the record of conviction. It further argued, "So while the burden at an OSC is the same, it's beyond a reasonable doubt, that burden can be met by the record. In other words, the People do not have to present additional evidence, although they can . . . defense can. The defense can even challenge the records. That's the reason why we can introduce new evidence. [¶] But that evidence, that record by itself is enough for the court to rely on in reaching its verdict. [¶] So the People do believe that the court could and should use the preliminary hearing transcripts in this case, as well as the other parts of the record." After prompting by the court, the

10

prosecution clarified that it was no longer asking the court to consider the police reports.

Appellant's counsel requested that the court consider as new evidence a declaration co-defendant Moore prepared for his parole hearing a few years earlier.[5]  The prosecution objected to the use of the declaration unless Moore was called as a witness and could be cross-examined.  The court sustained the objection, stating that it would not be sufficient for the prosecution to file a declaration "to buttress their position that Mr. Shaw was an active participant and who acted with reckless indifference," because "under the concept of fairness," appellant's counsel would get to cross-examine the witness.  No one, including appellant's counsel, linked this discussion to the exhibits proffered by the prosecution, used the word hearsay, or mentioned the hearsay rule or exceptions thereto at any point during the hearing.

The court granted the parties one week to provide it with additional authority and legal argument regarding whether it could consider the preliminary hearing transcript.

## VII.  Supplemental Briefing

### A.    Appellant's Brief

Appellant filed his supplemental brief on June 25, 2021.  In the introduction, appellant asserted, "The legal question now is whether this Court can circumvent the loss of a preliminary

---

[5]    In the declaration, Moore stated that he alone conceived the idea to commit a robbery, brought the gun to the scene, and struck and shot Patino.  He also stated that appellant "had no idea that I would shoot Mr. Ruben Patino, it was not his intentions and even attempted to prevent me from doing such," and requested that the parole board "no longer hold Mr. Shaw, personally responsible for my individual and sole actions in the murder of Mr. Ruben Patino."

hearing transcript which would otherwise be inadmissible on a jury conviction.  This counsel's legal position [*sic*] that the Court cannot attempt to justify its inability to find beyond a reasonable doubt based on the record of conviction that SB1437 relief should be granted because of the prosecution's failure to prove beyond a reasonable doubt the basis for denial."  He next asserted, in an unsupported, standalone heading, that "Hearsay Evidence is Admissible at an 1170.95 Hearing Only if it Is Part of the Record of Conviction or if There is a Hearsay Exception Under the California Evidence Code."  In a subsequent heading, he contended the "Police Reports are Multiple Levels of Hearsay Without Personal Knowledge and Which Violate the Confrontation Clause," and beneath that argued, "there was no basis for a hearsay exception."  Appellant also argued that the police reports "are not Part of the Record of Conviction and are Inadmissible as Hearsay or Lacking Foundation."  He asserted that the record of conviction included only "Defendant's admission on a change of plea form, and the sentencing transcript," the "transcript of a hearing on a negotiated plea," the "trial transcript," any "[f]actual statement by the prosecutor at the time of defendant's plea, if agreed to by defendant or defense counsel," and the "[a]ppellate court record and appellate opinion."  Appellant reminded the court that the prosecution had withdrawn its reliance on the police reports.

Appellant further argued that the "Sixth Amendment Right to Confront and Cross-Examine Witnesses Bars the Admissibility of Testimonial Evidence at an 1170.95 Hearing Without the Declarant Testifying in Court."  He accordingly contended, "all hearsay statements included in written reports including, but not limited to, the probation report, and police reports and a Prison

12

risk Assessment from 2009 which the People are seeking to have admitted into evidence and which do not fall within a hearsay exception, should not be admitted for consideration of evidence by this court."

In a separate section titled "Objection to the Use of Preliminary Hearing Transcript," appellant contended, "A trier of fact may not rely solely on a defendant's statement to make a determination on a crime. [¶] The Court is attempting to find a way to justify the denial of an SB1437 Petition on the highest stard [*sic*] of **beyond a reasonable doubt** when there is no trial transcript available. [¶] Counsel would concede if there was a plea and the preliminary hearing or other documentation was the subject of the basis for a plea that a preliminary hearing transcript would be admissible. However, that is not the caser [*sic*] here. This was a jury trial." Appellant then argued that the superior court's reliance on *Falcon*, *Perez*, and *Nguyen* was "misplaced" because the petitioners in those cases pled guilty or no contest, and "[a] Preliminary Hearing Transcript Can be a Proper Record of Conviction when it is Part of a Stipulated Factual Basis for a Plea," but not "if the Defendant Ultimately Went to Trial on the Prior Charges." He further noted that counsel in *Falcon* and *Nguyen* stipulated or agreed that the preliminary hearing transcripts were part of the record of conviction, while "[t]his counsel is not agreeing in any fashion that the preliminary transcripts are and can be used."

Appellant additionally argued that he was "objecting to the Court's efforts to utilize a preliminary hearing transcript and any purported confession fo [*sic*] the defendant as the sole basis to make a finding against granting relief under SB1437." Citing jury instructions on corpus delicti, he contended that, "at its

13

worst, any hearsay statement at the preliminary hearing alleged to come from this defendant is insufficient to support the court's denial of SB1437 relief." He emphasized, as a section heading, that "[a] Corpus Delicti Must be Proved Independent of Admission or Confession." Without citing any authority, he also asserted that "[t]he Use of the Preliminary Hearing Transcript and any Purported Statement by the Defendant is Insufficient to Show Beyond a Reasonable Doubt that the Defendant is not Eligible for SB1437 Relief." He further asserted that the Supreme Court held in *People v. Gallardo* (2017) 4 Cal.5th 120 (*Gallardo*), that a trial court "May Not Rely on the Preliminary Hearing Transcript to Determine the Prior Nature of the Defendant's Conviction," and also "Expressly Prohibited" reliance upon a preliminary hearing transcript "for the Purpose of Resolving Factual Questions Regarding a Prior Conviction."

In the final section of his brief, titled "Argument," appellant argued the following: "Counsel incorporates his various arguments as to the use of the preliminary hearing transcript. [¶] At its worst, the preliminary hearing transcript may only be used against this defendant as a limited admission in participating in a robbery. However, at its worst, the court has a seventeen (17) year old who admitted being part of a robbery. This is still insufficient to support that he was a major participant or acted with reckless indifference to life. In and of itself, the robbery even where the co-defendant is armed, is insufficient. [¶] As it relates to the co-defendant, it is clear that that statement by that co-defendant cannot be used against this defendant. [¶] If this Court in fact was trying to rely on that, then this Court must allow the [parole declaration] statement by the co-defendant as an inconsistent statement with the alleged statement and the

14

preliminary hearing transcript.  [¶] . . .  [¶] If this Court is to consider the co-defendant's double hearsay statement at the preliminary hearing then it creates another issue.  The declaration of the co-defendant is clearly inconsistent and thus admissible as both a declaration against interest and an inconsistent statement."[6]  Appellant attached Moore's declaration and instructions regarding the felony murder theory that were given to the jury.

### B.   Prosecution's Brief

The prosecution filed a responsive brief on July 2, 2021.  It noted in the introduction that "the court invited counsel to submit additional case law in support of the contention that preliminary hearing transcripts are not part of the record of conviction."  The prosecution asserted that appellant failed to provide any such case law, and therefore his "contentions must fall."  Citing *People v. Reed* (1996) 13 Cal.4th 217, 223, the prosecution argued that preliminary hearing transcripts are part of the record of conviction.  It further disputed appellant's assertion that preliminary hearing transcripts may not be relied upon when a defendant goes to trial, asserting "this only applies

---

[6]      The record contains two contradictory statements made by Moore. The first, relayed at the preliminary hearing by a police officer, painted Moore as the reluctant participant and appellant as the instigator of the robbery, the provider of the gun, and the shooter.  The court presiding over the preliminary hearing ruled this statement was only admissible as to Moore, just as appellant's statement was only admissible as to himself.  The other statement made by Moore is the 2013 declaration summarized above in footnote 5 and proffered by appellant for the evidentiary hearing; that statement paints Moore as the ringleader and actual killer.

when you are attempting to **prove what occurred at trial**." Here, the prosecution contended, "the court is rendering its own verdict based on the evidence," including the preliminary hearing transcript. The prosecution also distinguished *Gallardo*, which concerned fact-finding regarding whether the defendant's prior conviction was a strike offense, on the grounds that appellant "is not subjected to an increased penalty" at a section 1172.6 hearing, "the Sixth Amendment is not implicated at such a hearing, and the court is specifically tasked by statute itself with determining the defendant's guilt beyond a reasonable doubt."

The prosecution additionally argued that appellant's reliance on the corpus delicti rule was "misplaced," because evidence aside from his statements supported the conclusion that a crime occurred. It also emphasized that appellant's statements, relayed in the preliminary hearing transcript, were admissible as "statements against interest, and statements offered against a party opponent." It did not invoke the hearsay exception for unavailable witnesses in Evidence Code section 1291, though it asserted, without citation to authority, that appellant's statements were "admissible not only as part of the record of conviction, but also as additional evidence."

## VIII.  Final Hearing and Ruling

The parties appeared for another hearing on July 2, 2021. At the hearing, the court informed the parties that it intended to rely on the information, the amended information, the verdict forms, the abstract of judgment, and the sentencing hearing transcript, minus personal opinions expressed by the sentencing judge. It then asked the parties for argument on other materials, exclusive of the preliminary hearing transcript. Appellant's counsel argued that the probation reports should not be used

16

because they contained "double and triple hearsay." He also requested that the court consider appellant's "Youthful Offender Parole Hearing Mitigation *Franklin* Statement," which is not in the appellate record, as well as the 2013 declaration from Moore.

The court then turned to the preliminary hearing transcripts. It thanked the parties for their assistance on the issue, and informed them that it had located another case, *People v. Williams* (2020) 57 Cal.App.5th 652 (*Williams*), that it found "particularly helpful" in clarifying "how this court should consider the various evidence being introduced and whether or not they should be admitted." Noting that "we have been focusing on . . . whether a preliminary hearing transcript is a record of conviction," the court observed that former section 1170.95, subdivision (d)(3) permitted the court to consider not only the record of conviction but also new or additional evidence. The court then read the following quotation from *Williams*, *supra*, 57 Cal.App.5th at pp. 661-662:

"Williams contends the People's ability to present new and additional evidence is constrained by the Evidence Code's limitations on the admissibility of hearsay evidence. However, the cases Williams relies upon do not support his position as they concern the rules of evidence applicable at trials on criminal charges and prior conviction allegations for the purpose of sentence enhancements in initial criminal prosecutions. [Citations omitted.]

"In contrast, a 'hearing under section 1170.95 is not a trial *de novo* on all the original charges.' [Citation.] Rather, it is a *post-conviction* proceeding 'due to the Legislature's inclusion of section 1170.95 in Senate Bill No. 1437, [as] an "act of lenity" . . . allowing for the retroactive application of the new law governing

17

accomplice liability for felony murder . . . for defendants already serving valid sentences for murder.' [Citations.] In allowing for the section 1170.95 post-conviction proceeding, the Legislature gave the superior court unfettered discretion to consider 'evidence' without any restriction at the subdivision (d)(3) hearing to determine the petitioner's eligibility for resentencing. [Citation.]

"Hence, the rules of evidence governing a section 1170.95 subdivision (d)(3) hearing should be no different than those applied at other analogous post-conviction resentencing proceedings. 'A contrary interpretation would require us to add words to section 1170.95 that do not currently exist. We will not do this, as we are to ascertain and declare "what the statute contains, not to change its scope by reading into it language it does not contain. . . . We may not rewrite the statute to conform to an assumed intention that does not appear in its language."'"

The court then explained that, based on *Williams*, it had concluded that "the preliminary hearing transcript could be viewed as . . . part of the record of conviction. And if you're not persuaded by that, it qualifies as, quote/unquote, new evidence and, I agree, we're not to allow all new evidence. I think case law has at least discussed that there has to be an indicia of reliability. [¶] And my finding is, testimony given at a preliminary hearing by witnesses under oath, subject to cross-examination, that it doesn't get better than that in terms of reliability. [¶] So based on that, the court, over the petitioner's objection, . . . will consider the preliminary hearing transcripts in making its determination as to whether or not Mr. Shaw was a major participant who acted with reckless indifference to life." It

also stated that it would consider Moore's 2013 declaration, appellant's *Franklin* report, and the probation report.

To preserve his objection about the preliminary hearing transcript, appellant's counsel stated, "I had objected and I've addressed it in my briefs as to use of the record of conviction, but, more specific, as to the statement by Mr. Moore within there. It's my position that would be even less reliable. [¶] The court, in the preliminary hearing, limited as to each defendant a statement by each defendant. So I just wanted to preserve that record." In response to a clarification question by the court, counsel continued, "It really goes to . . . the right to confrontation as to my client. If a co-defendant's statement is coming in, it could be used against that defendant, Mr. Moore, there would be no issue, just as there would be no issue, subject to *Miranda* objections, as to Mr. Shaw's statement. But then to utilize Mr. Moore's statements against Mr. Shaw, I think that is a bigger problem. [¶] I've addressed it, your honor. Thank you." At the conclusion of the hearing, counsel thanked the court for providing the opportunity "to address . . . a very unique issue with regard to record of conviction."

The court subsequently issued a written ruling denying appellant's petition after finding he was a major participant who acted with reckless indifference to life within the meaning of *Banks* and *Clark*. Noting that appellant had objected to the preliminary hearing transcript "as part of the record of conviction," the court stated it nevertheless relied on it "[g]iven the unavailability of the jury trial transcripts and appellate decisions." The court stated it relied on the preliminary hearing transcript to determine "how the robbery and murder occurred," including testimony by a witness to the crime, a witness to the

19

backyard handwashing, a police officer who relayed appellant's statement, and Patino's widow. It also stated that it relied on a stipulation made at the preliminary hearing regarding the cause of the victim's death ("multiple gunshot wounds"), the *Franklin* report, and the sentencing transcript exclusive of comments expressing the sentencing judge's personal views. The court rejected the 2013 Moore declaration as not credible because it contradicted preliminary hearing testimony from "independent witnesses," and appellant's and Moore's statements as related by the testifying officer.

## DISCUSSION

### I.     Admission of Preliminary Hearing Transcript

#### A.     The argument is forfeited.

Appellant contends the superior court erred by admitting the preliminary hearing transcript "because the government failed to satisfy its burden to prove witness unavailability before admitting otherwise inadmissible hearsay evidence." Appellant cites Evidence Code section 1291, which provides in relevant part that "[e]vidence of former testimony is not made inadmissible by the hearsay rule if the declarant is unavailable as a witness and . . . [t]he party against whom the former testimony is offered was a party to the . . . proceeding in which the testimony was given and had the right and opportunity to cross-examine the declarant with an interest and motive similar to that which he has at the hearing." (Evid. Code, § 1291, subd. (a)(2).)

Appellant argues there is a reasonable probability the result would have been different had the preliminary hearing transcript not been admitted. He contends the court cited witness testimony from the hearing, and, "[m]ost detrimentally," used the transcript to discredit Mr. Moore's declaration," which it

20

otherwise may have credited and used to find appellant was not a major participant who acted with reckless indifference. Appellant does not argue in the alternative that, even if the preliminary hearing transcript was properly admitted, the court erred in finding him to be a major participant who acted with reckless indifference to human life. He also does not contend that the preliminary hearing transcript is not part of the record of conviction, or that it is subject to a lower standard of proof.

Appellant asserts that he preserved his argument about Evidence Code section 1291 for appellate review by objecting "on hearsay and confrontation clause grounds numerous times, both in writing and orally," and his objections "sufficiently encompassed a challenge to the foundational requirements of the hearsay exception." He further asserts the court's ruling "that the Evidence Code did not apply to a Penal Code section 1170.95 proceeding and thus the rules of hearsay were inapplicable [ ] indicates that the trial court understood appellant's objection to the preliminary hearing transcript as hearsay," and further objection would have been futile. Respondent contends appellant has forfeited the argument he attempts to make here. It asserts that appellant's objections to the preliminary hearing transcript below sounded on different, non-hearsay grounds: the transcript was not part of the record of conviction, the testimony therein was offered to satisfy a lower burden of proof than that to which the prosecution would be held at the evidentiary hearing, and the "damaging testimony was not reliable." We agree with respondent that the argument is forfeited.

"Reviewing courts will generally not consider a challenge to the admissibility of evidence unless there was a ""specific and timely objection in the trial court on the same grounds sought to

21

be urged on appeal."'"'" (*People v. Gomez* (2018) 6 Cal.5th 243, 286.)  This rule is codified in Evidence Code section 353, which provides that a "verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous admission of evidence unless . . .[t]here appears of record an objection to or a motion to exclude or strike the evidence that was timely made and so stated as to make clear the specific ground of the objection or the motion."  (Evid. Code, § 353, subd. (a).)  "An objection is sufficient if it fairly apprises the trial court of the issue it is being called upon to decide. [Citations.]  In a criminal case, the objection will be deemed preserved if, despite inadequate phrasing, the record shows that the court understood the issue presented."  (*People v. Scott* (1978) 21 Cal.3d 284, 290.)  "While no particular form of objection is required [citation], the objection must be made in such a way as to alert the trial court to the nature of the anticipated evidence and the basis on which exclusion is sought, and to afford the People an opportunity to establish its admissibility."  (*People v. Williams* (1988) 44 Cal.3d 883, 906.)  We consider the circumstances under which an objection is made to determine its sufficiency.  (*Id.* at p. 907.)  The duty to object is excused when an "objection or request for admonition would have been futile or would not have cured the [alleged] harm. . . ."  (*People v. McDermott* (2002) 28 Cal.4th 946, 1001.)

Here, as extensively detailed above, appellant timely objected to the admission of the preliminary hearing transcript. He did so in several briefs and during several court hearings. The problem is that appellant failed to make, and the superior court apparently failed to understand or consider, the specific

objection he seeks to present now, despite having numerous opportunities to do so.

From the first pages of his Eligibility Brief, appellant consistently argued that the preliminary hearing transcript was inadmissible because it was not part of the record of conviction. When the topic of the preliminary hearing transcript arose at the June 18, 2021 hearing, the court indicated that was the argument it understood appellant to be making: "in your moving papers, you have argued that the preliminary hearing transcript is not a record of conviction." The court also cited three cases addressing that issue, not hearsay or exceptions thereto. Appellant's counsel did not challenge the court's characterization of his argument, nor did he supplement it with a specific objection to the preliminary hearing transcript on hearsay grounds. Instead, he contended that the "standard of preliminary hearing is just sufficiency of the evidence," rather than the higher standard of proof applicable at the section 1172.6 evidentiary hearing, such that "any reliance on the preliminary hearing transcript is really problematic when we don't have the trial transcript."

Appellant's counsel vaguely alluded to witness unavailability, stating, "If the People are not in a position because of a loss of a witness, the death of a witness, if there's a legal basis to bring in that evidence, that's fine, but you don't do away with the Evidence Code because you can't find something." However, counsel preceded and followed that remark with argument that the prosecution could not meet its burden of proof with the preliminary hearing transcript; he did not mention the hearsay rule nor the failure to prove an exception. The

prosecution followed appellant's lead and did not address hearsay or witness unavailability in its responsive argument.

In the supplemental brief appellant filed after the June 18, 2021 hearing, he again argued that the preliminary hearing transcript was not part of the record of conviction, and the prosecution could not use it to meet its burden of proof beyond a reasonable doubt. Appellant points out that he argued that "any hearsay statement at the preliminary hearing alleged to come from this defendant is insufficient to support the court's denial of SB 1437 relief." He fails to acknowledge, however, that he made that argument under a heading asserting "A Corpus Delicti Must Be Proved Independent of Admission or Confession," or that the hearsay exception he now argues the prosecution failed to prove, witness unavailability, is not applicable to such a statement. We are similarly unpersuaded by his assertion that his standalone heading several pages earlier, "Hearsay Evidence is Admissible at an 1170.95 Hearing Only if it Is Part of the Record of Conviction or if There is a Hearsay Exception Under the California Evidence Code," adequately apprised the court he was objecting (1) to the preliminary hearing transcript (2) on hearsay grounds rather than asserting it was not part of the record of conviction. The court did not appear to understand his objection in that way, as it emphasized the record of conviction argument at the final hearing and stated in its written ruling that appellant had "[e]ssentially object[ed] to the court considering the preliminary hearing as part of the record of conviction."

Appellant contends the court's reliance on *Williams* indicates it understood him to be raising his current objection. He asserts the court decided "the preliminary hearing transcript qualified as 'new evidence' that may be admitted notwithstanding

24

the Evidence Code, so long as it contained some indicia of reliability." The court indeed reached that conclusion, but only in the alternative—it first addressed the issue as it had been framed throughout the proceedings, by stating that the preliminary hearing transcript "could be viewed . . . as part of the record of conviction." Then, it added, "if you're not persuaded by that, it qualifies as quote/unquote new evidence." The court then stated that the preliminary hearing transcript was reliable because the witnesses were under oath and appellant's counsel had an opportunity to cross-examine them. These indicia of reliability are also required by the hearsay exception appellant now contends was not properly established, in addition to a threshold finding of witness unavailability. (See Evid. Code, § 1291.) Despite that overlap, appellant failed to alert the prosecution or the court to any deficiency in the prosecution's showing of witness unavailability when he made his final objections to the ruling: "On the preliminary hearing transcript, I had objected and I've addressed it in my briefs as to the use of the record of conviction but, more specific, as to the statement by Mr. Moore within there. It's my position that would be even less reliable." Notably, when the court asked the prosecution to "address that issue," the prosecution did not address hearsay or witness unavailability.

Appellant contends further objection at this point would have been futile. Even assuming that is true, the futility of an eleventh hour objection does not excuse the failure to raise a cogent hearsay objection to the preliminary hearing transcript during the preceding six months. Moreover, it is far from apparent that such an objection would have been futile. The court and prosecution were both receptive to appellant's specific,

25

timely, and repeated hearsay objections to other documents, including the police reports and probation reports. Given the circumstances under which appellant's various objections were and were not raised during the extended period over which the court considered whether to admit the preliminary hearing transcript, we conclude the current objection was forfeited.

### B.   Reversal is not warranted.

Even if it were not, we are not persuaded reversal would be warranted here. Under Evidence Code section 353, the erroneous admission of evidence is reversible error only where the error "resulted in a miscarriage of justice." (Evid. Code, § 353, subd. (b).) Likewise, "[a]bsent fundamental unfairness, state law error in admitting evidence is subject to the traditional *Watson* test: The reviewing court must ask whether it is reasonably probable the verdict would have been more favorable to the defendant absent the error." (*People v. Partida* (2005) 37 Cal.4th 428, 439.) Appellant contends that even if the preliminary hearing transcript was part of the record of conviction, it was still inadmissible under the hearsay rule. We agree with the premise of this argument: items in the record of conviction must comport with the rules of evidence to be admissible. (See *People v. Perez* (2016) 3 Cal.App.5th 812, 821, fn. 9, disapproved on other grounds by *People v. Frierson* (2017) 4 Cal.5th 225, 240, fn. 8.) However, we are not persuaded the entirety of the preliminary hearing transcript would have been inadmissible.

We will assume arguendo the preliminary hearing transcript is hearsay, and further assume that appellant is correct that the hearsay exception in Evidence Code section 1291 does not apply. Despite acknowledging below that his own statements contained in the preliminary hearing transcript could

26

be admissible, appellant now overlooks that possibility.  If evidence is admissible on any basis, "it is irrelevant that the trial court might have had a different theory of admissibility in mind.  It is axiomatic that we review the trial court's rulings and not its reasoning." (*People v. Mason* (1991) 52 Cal.3d 909, 944.)

The portions of the preliminary hearing transcript in which the police officer related appellant's own statements to the police are admissible under the party admission exception to the hearsay rule.  (Evid. Code, § 1220 [statement not made inadmissible by hearsay rule when offered against declarant in action to which he is party]; see *People v. Mitchell* (2022) 81 Cal.App.5th 575, 586; *People v. Flores* (2022) 76 Cal.App.5th 974, 988-989 & fn. 10.)  Those statements set forth a narrative that aligns with the factual findings made by the court, which appellant does not directly challenge as insufficient to support the order.

Per the police officer's testimony, appellant stated "that Mr. Moore had met him at his house about 3:00 or 4:00 o'clock in the afternoon and that Moore wanted to go out and . . . pull some robberies and that Moore had a .22 caliber revolver with him and at first he was against it but then went along with it and that he wanted to go over on Vermont Avenue to do the robbing but Moore had convinced him that there were too many police over there so they should go the other direction.  [¶] So, they walked under the underpass of the freeway and went over to Broadway and turned south towards, I believe, Manchester and they were looking for victims . . . .  Then they got as far as the ABC Market, San Pedro and Manchester, and then they hung around the market and then they seated themselves on a shopping rail, which was out in the parking lot, and they waited and then they

27

saw a man exit the market who had two small children with him and Moore said, 'Let's get him,' and he was - - he said that he was reluctant to do so but then Moore went over to the man. He said after the man put his children in the car the man came back around to the driver's side of the car and started to get in the car and then Moore started asking for money and then he admitted that he struck the man and the man looked like he reached down for something and Moore came up with a gun and shot the man more than once from close range in the head and the face. . . . [O]ne of the two of them took a watch and then they ran behind the market and westbound down the street . . . and there was some boys in the backyard of this house and one of them had a garden hose and they went in there and washed the blood off their hands . . . . [T]hey got all the way back over to Broadway and Moore went off to his house taking the gun with him and he went off to his house."

There is no reasonable probability that the superior court, which cited appellant's statement several times in making its *Banks* and *Clark* findings that appellant was a major participant who acted with reckless indifference to life, would have reached a different result had appellant's statement been the only portion of the preliminary hearing transcript it considered. Aside from Moore, none of the other witnesses gave testimony that contradicted appellant's statements. Even assuming the corpus delicti rule applies, an argument appellant does not reiterate in this forum, other components of the record of conviction support a reasonable inference that the crime was committed. Reversal accordingly is not warranted.

## II. Senate Bill No. 775

Appellant argues in the alternative that remand is necessary in light of Senate Bill No. 775 (Stats. 2021, ch. 551, § 2) (SB 775), which amended section 1172.6, subdivision (d)(3) to provide that "The admission of evidence in the hearing shall be governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed." Appellant contends SB 775 is retroactive and applicable to his case because it "merely clarified existing law." He requests remand with instructions for the court to hold a new hearing at which the Evidence Code is applied. Respondent agrees "the Evidence Code generally applies at the evidentiary hearing," but asserts SB 775 also included "a specific exception rendering prior testimony admissible." Respondent further points out that SB 775 also amended section 1172.6, subdivision (d)(3) to provide that "hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of Section 872 shall be excluded from the hearing as hearsay, unless the evidence is admissible pursuant to another exception to the hearsay rule." It argues this language deems inadmissible "only a small subset of prior preliminary hearing testimony," and therefore "indicates that other types of preliminary hearing testimony are presumptively admissible."

We need not resolve the parties' disputes regarding the impact, applicability, and interpretation of SB 775. As discussed above, even if the Evidence Code were applied to appellant's proceeding and hearsay objections properly lodged, there is no

reasonable probability the result would be different.  Remand is not necessary.

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.

We concur:


WILLHITE, ACTING P.J.


CURREY, J.